MICHAEL LEHNERS, ESQ.                    Ѕⅇ∱  11/25/09
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

oOo

IN RE

HOPE EVANGELINE WILLIAMS
dba CHERYL'S APARTMENTS, a
sole proprietorship

     Debtor(s).
_____/

BK-N- 09-54139
CHAPTER 11
Hearing Date: OST Pending
and Time:_____
Mtn No. _____
Est Time: 15 Minutes

## MOTION FOR INTERIM AND FINAL ORDER PURSUANT TO 11 U.S.C. §363 AND FED. R. BANKR. P. RULE 4001(B)(2) TO USE CASH COLLATERAL

COMES NOW Debtor above named by and through undersigned counsel and files the following Motion for Interim and Final Order pursuant to 11 U.S.C. §363 and Fed. R. Bankr. P. Rule 4001(b)(2) to use cash collateral.

On or about September 29, 1997 Cheryl Cairns sold three parcels of real property to Mike Panagiotou. The properties are located at 429 Evans Avenue, 447 Evans Avenue and 462 Evans Avenue, Reno, Nevada (herein "The Property"). The property is used as a motel, and the Debtor collects rents.

To facilitate this purchase, Mr. Panagiotou executed a note and deed of trust in favor of Ms. Cairns in the principal amount of $750,000.00. This note bears interest at 8%, but in year eight the

1

interest increases to $8.5%. The note calls for monthly payments of $5,503.23[1]. The payments commence on November 2, 1997 and all remaining sums come due on October 2, 2009. The deed of trust has a rents clause in it. A true and correct copy of this note and deed of trust have been attached hereto as Exhibit "1".

On December 31, 2001 Ms. Williams purchased The Property from Mr. Panagiotou. Ms. Williams assumed the note and first deed in favor of Ms. Cairns. She also executed a second deed of trust in favor of Mr. Panagiotou in the amount of $300,000.00[2]. This deed of trust also has a rents clause in it. A true and correct copy of the quitclaim, Mr. Panagiotou's amortization schedule[3] and deed of trust have been attached hereto as Exhibit "2". After the sale, Ms. Cairns continued to accept payments under the note.

With the exception of the June of 2008 payment and the October of 2009 balloon, *all* payments were timely made to Ms. Cairns. Ms. Williams did mail the June of 2008 payment within the 15 day grace period, but for some reason the check was routed to Illinois. Notwithstanding Ms. Williams' exemplary payment history, Ms. Cairns refused to waive the late charge, which Ms. Williams paid. Ms. Williams has also made all payments to Mr. Panagiotou.

Filed concurrently with this motion is the declaration of Hope Williams. She makes her payments to Evergreen Note Servicing. Ms. Williams obtained a printout from Evergreen showing her payment history back to January of 2004. This printout is attached to Ms.

[1] This payment appears to be based upon a thirty year amortization at 8%.
[2] Mr. Panagiotou is scheduled as the holder of a second deed of trust with a balance of $265,000.00, but the Debtor is going to amend her schedules to reflect that only $240,000.00 is owed on the deed of trust and the remaining $25,000.00 is an unsecured debt, representing a recent loan.
[3] The Debtor could not locate a copy of Mr. Panagiotou's note so she attached the amortization schedule he created for her.

2

Williams' declaration. With the exception of the June of 2008 payment, her record is perfect.

The monthly rents on the Motel for October were approximately $14,000.00. A true and correct copy of Ms. Williams' October 26, 2009 room license tax return has been attached hereto as Exhibit "3". This is a typical month where there are some vacancies. From these rents,. Ms. Williams pays Ms. Cairns on her first deed of trust. She pays Mr. Panagiotou on his second deed of trust. She pays for taxes, insurance and utilities for The Property.

In an average month, the secured debt service and utilities paid from the rents total $12,745.21 and can be itemized as follows:

| | |
|---|---|
| 1st TD | $5,508.73 |
| 2nd TD | $2,000.00 |
| Insurance | $859.70 |
| Taxes | $600.00 |
| Telephone Service/Internet | $104.89 |
| Cable TV | $488.29 |
| Waste Management | $323.13 |
| Water | $372.86 |
| Sewage | $559.86 |
| Power | $1,927.75 |

These utility costs are based upon the month of October. Ms. Williams wishes to be allowed to continue to use these rents on the following conditions:

(1)   She shall continue making monthly payments to Ms. Cairns of $5,508.73 starting for the month of December. She will make these payments within the grace period which is set forth in the original note,

(2)   She shall continue making monthly payments to Mr. Panagiotou of $2,000.00,

(3)   She shall continue paying all utilities itemized above on a current basis, and

(4)   She shall file timely monthly operating reports.

3

In the event that Ms. Williams is not able to use these rents, then she will not be able to pay these ongoing costs of operation and the tenants will leave if any of the services are terminated.

## A.    Use of Cash Collateral Should Be Authorized.

Pursuant to section 363(c)(2) of the Bankruptcy Code, a debtor may not use cash collateral unless "(A) each entity that has an interest in such cash collateral consents; or (B) the court, after notice and a hearing, authorizes such use, sale, or lease in accordance with the provisions of this section." 11 U.S.C. § 363(c)(2). Even with secured creditor consent, Bankruptcy Code section 361 provides that secured creditors are entitled to adequate protection where the use of collateral decreases the value of such lenders' interest in the collateral. 11 U.S.C. § 361(1)-(3); see also United Savings Ass'n v. Timbers of Inwood Forest Ass'n, 484 U.S. 365, 369-73 (1988) (the "interest in property" entitled to protection is "the value of the collateral" that secures the claim). The legislative history of section 361 makes clear that bankruptcy courts are given broad flexibility in deciding what constitutes adequate protection on a case-by-case basis, stating:

This section specifies the means by which adequate protection may be provided. It does not require the court to provide it. To do so would place the court in an administrative role. Instead, the trustee or debtor-in-possession will provide or propose a protection method. If the party that is affected by the proposed action objects, the court will determine whether the protection provided is adequate. The purpose of this section is to illustrate means by which it may be provided and to define the contours of the concept.

H.R. Rep. No. 95-595, at 338, 95th Cong., 1st Sess. (1977); see also In re Swedeland Dev. Group, Inc., 16 F.3d 552, 564 (3d Cir. 1994) ("[A]

4

determination of whether there is adequate protection is made on a case by case basis."); <u>In re O'Connor</u>, 808 F.2d 1393, 1396-97 (10th Cir. 1987) (same); <u>In re Martin</u>, 761 F.2d 472, 474 (8th Cir. 1985) (same).

At this point in time, Ms. Williams does not have the consent of the secured creditors to use cash collateral. Accordingly, she needs the Court to approve such use based upon her tender of adequate protection outlined above.

Dated: This _____ day of _____, 2009

By: _____
                   Michael Lehners, Esq.
                   429 Marsh Ave.
                   Reno, Nevada 89509
                   Nevada Bar Number 003331

# Exhibit  1

# Exhibit  1

DO NOT DESTROY THIS NOTE: When paid, the note and deed of trust must be surrendered to FIRST AMERICAN TITLE COMPANY OF NEVADA with request for reconveyance.

## INSTALLMENT NOTE
### (Interest Included)

$750,000.00                                    September 29, 1997
                                               Reno, Nevada

In installments and at the times hereinafter stated, **MIKE PANAGIOTOU,** an unmarried man, promises to pay to CHERYL L. CAIRNS, an unmarried woman, or order, the sum of **SEVEN HUNDRED FIFTY THOUSAND and NO/100 DOLLARS ($750,000.00),** with interest from the 2nd day of October 1997, on the amounts of principal remaining from time to time unpaid, until said principal sum is paid, at a rate of **EIGHT PERCENT (8.00%)** per annum. Principal and interest shall be paid as follows:

1.    Monthly installments of **FIVE THOUSAND FIVE HUNDRED THREE and 23/100 DOLLARS ($5,503.23),** OR MORE, on the 2nd day of each and every month, beginning on the 2nd day of November, 1997; and

2.    At the beginning of the EIGHTH (8th) year, the interest rate shall increase to **EIGHT and ONE-HALF PERCENT (8.50%).**

The monthly installment payments of principal and interest shall continue until the 2nd day of October, 2009, at which time the remaining principal and all interest accrued thereon shall be paid in full.

THE PRIVILEGE IS RESERVED TO PAY MORE THAN THE SUM DUE AT ANY TIME PRIOR TO MATURITY, WITHOUT PENALTY. Each payment shall be credited first, on the interest then due, and the remainder to the principal sum, and interest shall thereupon cease upon the amount so credited on the said principal sum.

Any payment not received by the Holder of this Note within fifteen (15) days following the date upon which it is due, shall be accompanied by a late charge equal to FIVE percent (5.0%) of the amount of the payment, and payee need not accept any late installment paid hereunder unless it is accompanied by such late payment charge.

This note is secured by a deed of trust of even date herewith to FIRST AMERICAN TITLE COMPANY OF NEVADA, a Nevada corporation, as trustee thereunder..

The holder of this note may accelerate this note, that is, declare the entire unpaid balance due and payable, upon (1) failure to pay when due any installment of principal or interest due hereunder, (2) any default by trustor under the deed of trust securing this note,

-1-

EXHIBIT 2

(3) any default by the obligor under any obligation secured by a deed of trust having priority over the deed of trust securing this note, (4) any default by trustor under such prior deed of trust or (5) the insolvency of any maker, or any guarantor, if any, of this note. Protest is waived.

Upon any default hereunder or under the deed of trust securing this note, the undersigned agree to pay all costs of collection and attorney's fees incurred by the trustee and beneficiary under the deed of trust securing this note in collecting this note, or in connection with the curing of any default under the deed of trust securing this note, or in exercising any judicial or non-judicial remedies available to such trustee or to such beneficiary.

This note shall be interpreted and enforced in accordance with the laws of the State of Nevada.

Mike Panagiotou

-2-

Sep 26 09 10:15a    Hawkins Investment Comp.    775348085B    PG HILL CHTD    775-828-1220    p.2

RECEIVED 09/26/2009 10:05    775348085B    Hawkins Investment Comp.    Sep 26 09 10:15a

**2141402**

Escrow No. 198640-PM
WHEN RECORDED, MAIL TO:
Valley Installment Collections
295 Holcomb Ave. #3
Reno, NV 89502



COPY - has not been compared with the Original Document - WCR

## DEED OF TRUST WITH ASSIGNMENT OF RENTS

THIS DEED OF TRUST, made *September 29*, 1997, between **MIKE PANAGIOTOU**, *AN UNMARRIED MAN*, Party of the First Part, TRUSTOR, **FIRST AMERICAN TITLE COMPANY OF NEVADA, a Nevada corporation**, TRUSTEE, and **CHERYL L. CAIRNS, an unmarried woman, BENEFICIARY.**

WITNESSETH: That Trustor grant to Trustee in trust, with power of sale, that property in the County of Washoe, State of Nevada described as:

PARCEL 1:

The South five (5) feet of Lot 10, all of Lot 11, and the North 35 feet of Lot 12, Block 1, of EVANS NORTH ADDITION TO RENO, according to the official map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on December 16, 1879.

PARCEL 2:

The North 26.5 feet of the West 87.2 feet of Lot 8 in Block 2 of EVANS NORTH ADDITION, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on December 16, 1879.

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.

For the purpose of securing (1) payment of the sum of $750,000.00, with interest thereon according to the terms of a promissory note of even date herewith made by Trustor, payable to order of Beneficiary, and all extensions or renewals thereof; and (2) the performance of each agreement of Trustor incorporated herein by reference or contained herein; (3) payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or to their successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.

To protect the security of this Deed of Trust, and with respect to the property herein described, Trustor expressly make each and all of the agreements, and adopts and agrees

-1-

EXHIBIT 3

to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in Subdivision B of the fictitious Deed of Trust recorded in the office of the County Recorder of Washoe County, State of Nevada on January 30, 1968, in Book 300, Page 517, Document No. 107192 of Official Records, shall inure to and bind the parties hereto, with respect to the property herein described.  Said agreement, terms and provisions contained in said subdivision A and B, are by the within reference thereto, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefore does not exceed a reasonable amount.

The undersigned trustor requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address above set forth.

Mike Panagiotou

State of Nevada
County of Washoe

This instrument was acknowledged before me on _September 29_, 1997, by MIKE PANAGIOTOU.

Notarial Officer

PEARL A. MORRIS
Notary Public   State of Nevada
Appointment Recorded in Washoe County
MY APPOINTMENT EXPIRES OCT. 29, 1997

OCT 0 2 1997
FFICIAL RECORDS, WASHOE COUNTY, NEVAD
Record Requested by
FIRST AMERICAN TITLE COMPANY OF NEVAL
,COUNTY RECORDER
FEE _____ DEPUTY_____

-2-

# Exhibit  2

# Exhibit  2

WHEN RECORDED, MAIL TO:
*MAIL TAX STATEMENT TO!*
Hope Williams
P.O. Box 2588
Truckee, California 96160

**APN No. 007-315-13 and**
**APN No. 007-303-21**

# QUITCLAIM DEED

THIS INDENTURE, made and entered into this 31st day of December, 2001, by and between

Mike Panagiotou, a single man, hereinafter referred to as Grantor, of Reno, Nevada, and Hope

Williams, a single woman, hereinafter referred to as Grantee, whose mailing address is P.O. Box

2588, Truckee, California, 96160.

## WITNESSETH:

That Grantor, for and in consideration of the sum of Ten [$10] Dollars, and for other valuable

consideration the receipt of which is hereby acknowledged, does by these presents remise, release,

convey, and quitclaim without warranty unto Grantee, as her sole and separate property, and to her

heirs and assigns, forever all of Grantors right, title and interest in the property situate in the County

of Washoe, State of Nevada, commonly known 429, 447 and 462 Evans Avenue, Reno, Nevada

89501, and more particularly described as follows, to-wit:

PARCEL 1:
The South five (5) feet of Lot 10, all of Lot 11, and the North 35 feet of Lot 12, Block 1, of
EVANS NORTH ADDITION TO RENO, according to the official map thereof, filed in the
office of the County Recorder of Washoe County, State of Nevada, on December 16, 1879

PARCEL 2:
The North 26.5 feet of the West 87.2 feet of Lot 8 in Block 2 of EVANS NORTH
ADDITION, according to the map thereof, filed in the office of the County Recorder of
Washoe County, State of Nevada, on December 16, 1879

Page 1



EXHIBIT 4

TO HAVE AND TO HOLD the said premises, together with all tenements, hereditaments and appurtenances including easements and water rights, if any, thereto belonging or appertaining, and any revisions, remainders and rents, issues or profits thereof unto Grantee, as her sole and separate property, and to her heirs and assigns, forever.

IN WITNESS WHEREOF, Grantor has executed this Conveyance the day and year first above-written.

_____
Mike Panagiotou

STATE OF NEVADA        )
                       ) ss:
COUNTY OF WASHOE       )

On the 31st day of December, 2001, before me, the undersigned Notary Public, in and for said State, personally appeared Mike Panagiotou known to me or proved to me to be the person whose name is subscribed to the within Quitclaim Deed, and acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

> GIEZELLE S. MILLER
> Notary Public, State of Nevada
> Appointment No. 99-55130-2
> My Appl. Expires May 17, 2003

DOC # 2635066
12/31/2001 01:59P Fee:15.00
BK1
Requested By
HOPE E WILLIAMS
Washoe County Recorder
Kathryn L. Burke - Recorder
Pg 2 of 2 RPTT 1537.50

Page 2

Declining Balance
Amortization Schedule
Sample loan data

Principal:    300,000.00
Term:         278 Payments

Annual Interest Rate: 6.000
Payments per Year: 12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 1 | 1/15/02 | . . . . . . . | 2,000.00 | 1,500.00 | 500.00 | 300,000.00 |
| 2 | 2/15/02 | . . . . . . . | 2,000.00 | 1,497.50 | 502.50 | 299,500.00 |
| 3 | 3/15/02 | . . . . . . . | 2,000.00 | 1,494.99 | 505.01 | 298,997.50 |
| 4 | 4/15/02 | . . . . . . . | 2,000.00 | 1,492.46 | 507.54 | 298,492.49 |
| 5 | 5/15/02 | . . . . . . . | 2,000.00 | 1,489.92 | 510.08 | 297,984.95 |
| 6 | 6/15/02 | . . . . . . . | 2,000.00 | 1,487.37 | 512.63 | 297,474.87 |
| 7 | 7/15/02 | . . . . . . . | 2,000.00 | 1,484.81 | 515.19 | 296,962.24 |
| 8 | 8/15/02 | . . . . . . . | 2,000.00 | 1,482.24 | 517.76 | 296,447.05 |
| 9 | 9/15/02 | . . . . . . . | 2,000.00 | 1,479.65 | 520.35 | 295,929.29 |
| 10 | 10/15/02 | . . . . . . . | 2,000.00 | 1,477.04 | 522.96 | 295,408.94 |
| 11 | 11/15/02 | . . . . . . . | 2,000.00 | 1,474.43 | 525.57 | 294,885.98 |
| 12 | 12/15/02 | . . . . . . . | 2,000.00 | 1,471.80 | 528.20 | 294,360.41 |
| Sub-total | | | 24,000.00 | 17,832.21 | 6,167.79 | 293,832.21 |
| 13 | 1/15/03 | . . . . . . . | 2,000.00 | 1,469.16 | 530.84 | 293,832.21 |
| 14 | 2/15/03 | . . . . . . . | 2,000.00 | 1,466.51 | 533.49 | 293,301.37 |
| 15 | 3/15/03 | . . . . . . . | 2,000.00 | 1,463.84 | 536.16 | 292,767.88 |
| 16 | 4/15/03 | . . . . . . . | 2,000.00 | 1,461.16 | 538.84 | 292,231.72 |
| 17 | 5/15/03 | . . . . . . . | 2,000.00 | 1,458.46 | 541.54 | 291,692.88 |
| 18 | 6/15/03 | . . . . . . . | 2,000.00 | 1,455.76 | 544.24 | 291,151.34 |
| 19 | 7/15/03 | . . . . . . . | 2,000.00 | 1,453.04 | 546.96 | 290,607.10 |
| 20 | 8/15/03 | . . . . . . . | 2,000.00 | 1,450.30 | 549.70 | 290,060.14 |
| 21 | 9/15/03 | . . . . . . . | 2,000.00 | 1,447.55 | 552.45 | 289,510.44 |
| 22 | 10/15/03 | . . . . . . . | 2,000.00 | 1,444.79 | 555.21 | 288,957.99 |
| 23 | 11/15/03 | . . . . . . . | 2,000.00 | 1,442.01 | 557.99 | 288,402.78 |
| 24 | 12/15/03 | . . . . . . . | 2,000.00 | 1,439.22 | 560.78 | 287,844.79 |
| Sub-total | | | 24,000.00 | 17,451.80 | 6,548.20 | 287,284.01 |
| 25 | 1/15/04 | . . . . . . . | 2,000.00 | 1,436.42 | 563.58 | 287,284.01 |
| 26 | 2/15/04 | . . . . . . . | 2,000.00 | 1,433.60 | 566.40 | 286,720.43 |
| 27 | 3/15/04 | . . . . . . . | 2,000.00 | 1,430.77 | 569.23 | 286,154.03 |
| 28 | 4/15/04 | . . . . . . . | 2,000.00 | 1,427.92 | 572.08 | 285,584.80 |
| 29 | 5/15/04 | . . . . . . . | 2,000.00 | 1,425.06 | 574.94 | 285,012.72 |
| 30 | 6/15/04 | . . . . . . . | 2,000.00 | 1,422.19 | 577.81 | 284,437.78 |
| 31 | 7/15/04 | . . . . . . . | 2,000.00 | 1,419.30 | 580.70 | 283,859.97 |
| 32 | 8/15/04 | . . . . . . . | 2,000.00 | 1,416.40 | 583.60 | 283,279.27 |
| 33 | 9/15/04 | . . . . . . . | 2,000.00 | 1,413.48 | 586.52 | 282,695.67 |
| 34 | 10/15/04 | . . . . . . . | 2,000.00 | 1,410.55 | 589.45 | 282,109.15 |
| 35 | 11/15/04 | . . . . . . . | 2,000.00 | 1,407.60 | 592.40 | 281,519.70 |
| 36 | 12/15/04 | . . . . . . . | 2,000.00 | 1,404.64 | 595.36 | 280,927.30 |
| Sub-total | | | 24,000.00 | 17,047.93 | 6,952.07 | 280,331.9 |

CLS                    Case 09-54139-gwz    Doc 22    Entered 11/25/09 12:51:33    Page 15 of 26
Declining Balance                          MORE PARAMETERS?                        Page: 2
                                           Amortization Schedule                   Run Date:    7/19/02
                                           Sample loan data

Principal:        300,000.00                     Annual Interest Rate:    6.000
Term:             278 Payments                   Payments per Year:       12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 37 | 1/15/05 | ....... | 2,000.00 | 1,401.66 | 598.34 | 279,733.60 |
| 38 | 2/15/05 | ....... | 2,000.00 | 1,398.67 | 601.33 | 279,132.27 |
| 39 | 3/15/05 | ....... | 2,000.00 | 1,395.66 | 604.34 | 278,527.93 |
| 40 | 4/15/05 | ....... | 2,000.00 | 1,392.64 | 607.36 | 277,920.57 |
| 41 | 5/15/05 | ....... | 2,000.00 | 1,389.60 | 610.40 | 277,310.17 |
| 42 | 6/15/05 | ....... | 2,000.00 | 1,386.55 | 613.45 | 276,696.72 |
| 43 | 7/15/05 | ....... | 2,000.00 | 1,383.48 | 616.52 | 276,080.20 |
| 44 | 8/15/05 | ....... | 2,000.00 | 1,380.40 | 619.60 | 275,460.60 |
| 45 | 9/15/05 | ....... | 2,000.00 | 1,377.30 | 622.70 | 274,837.90 |
| 46 | 10/15/05 | ....... | 2,000.00 | 1,374.19 | 625.81 | 274,212.09 |
| 47 | 11/15/05 | ....... | 2,000.00 | 1,371.06 | 628.94 | 273,583.15 |
| 48 | 12/15/05 | ....... | 2,000.00 | 1,367.92 | 632.08 | 272,951.07 |
| Sub-total | | | 24,000.00 | 16,619.13 | 7,380.87 | 272,951.07 |
| 49 | 1/15/06 | ....... | 2,000.00 | 1,364.76 | 635.24 | 272,315.83 |
| 50 | 2/15/06 | ....... | 2,000.00 | 1,361.58 | 638.42 | 271,677.41 |
| 51 | 3/15/06 | ....... | 2,000.00 | 1,358.39 | 641.61 | 271,035.80 |
| 52 | 4/15/06 | ....... | 2,000.00 | 1,355.18 | 644.82 | 270,390.98 |
| 53 | 5/15/06 | ....... | 2,000.00 | 1,351.95 | 648.05 | 269,742.93 |
| 54 | 6/15/06 | ....... | 2,000.00 | 1,348.71 | 651.29 | 269,091.64 |
| 55 | 7/15/06 | ....... | 2,000.00 | 1,345.46 | 654.54 | 268,437.10 |
| 56 | 8/15/06 | ....... | 2,000.00 | 1,342.19 | 657.81 | 267,779.29 |
| 57 | 9/15/06 | ....... | 2,000.00 | 1,338.90 | 661.10 | 267,118.19 |
| 58 | 10/15/06 | ....... | 2,000.00 | 1,335.59 | 664.41 | 266,453.78 |
| 59 | 11/15/06 | ....... | 2,000.00 | 1,332.27 | 667.73 | 265,786.05 |
| 60 | 12/15/06 | ....... | 2,000.00 | 1,328.93 | 671.07 | 265,114.98 |
| Sub-total | | | 24,000.00 | 16,163.91 | 7,836.09 | 265,114.98 |
| 61 | 1/15/07 | ....... | 2,000.00 | 1,325.57 | 674.43 | 264,440.55 |
| 62 | 2/15/07 | ....... | 2,000.00 | 1,322.20 | 677.80 | 263,762.75 |
| 63 | 3/15/07 | ....... | 2,000.00 | 1,318.81 | 681.19 | 263,081.56 |
| 64 | 4/15/07 | ....... | 2,000.00 | 1,315.41 | 684.59 | 262,396.97 |
| 65 | 5/15/07 | ....... | 2,000.00 | 1,311.98 | 688.02 | 261,708.95 |
| 66 | 6/15/07 | ....... | 2,000.00 | 1,308.54 | 691.46 | 261,017.49 |
| 67 | 7/15/07 | ....... | 2,000.00 | 1,305.09 | 694.91 | 260,322.58 |
| 68 | 8/15/07 | ....... | 2,000.00 | 1,301.61 | 698.39 | 259,624.19 |
| 69 | 9/15/07 | ....... | 2,000.00 | 1,298.12 | 701.88 | 258,922.31 |
| 70 | 10/15/07 | ....... | 2,000.00 | 1,294.61 | 705.39 | 258,216.92 |
| 71 | 11/15/07 | ....... | 2,000.00 | 1,291.08 | 708.92 | 257,508.00 |
| 72 | 12/15/07 | ....... | 2,000.00 | 1,287.54 | 712.46 | 256,795.54 |
| Sub-total | | | 24,000.00 | 15,680.56 | 8,319.44 | 256,795.54 |

678,253.59
270,890.98

948,644.57

CLS                    Case 09-54139-gwz    Doc 22  Entered 11/25/09 12:51:33    Page 16 of 26
Declining Balance                    Amortization Schedule                              Page: 3
                                          Sample loan data                      Run Date:   7/19/02

Principal:      300,000.00                      Annual Interest Rate:    6.000
Term:           278 Payments                    Payments per Year:       12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 73 | 1/15/08 | . . . . . . . | 2,000.00 | 1,283.98 | 716.02 | 256,079.52 |
| 74 | 2/15/08 | . . . . . . . | 2,000.00 | 1,280.40 | 719.60 | 255,359.92 |
| 75 | 3/15/08 | . . . . . . . | 2,000.00 | 1,276.80 | 723.20 | 254,636.72 |
| 76 | 4/15/08 | . . . . . . . | 2,000.00 | 1,273.18 | 726.82 | 253,909.90 |
| 77 | 5/15/08 | . . . . . . . | 2,000.00 | 1,269.55 | 730.45 | 253,179.45 |
| 78 | 6/15/08 | . . . . . . . | 2,000.00 | 1,265.90 | 734.10 | 252,445.35 |
| 79 | 7/15/08 | . . . . . . . | 2,000.00 | 1,262.23 | 737.77 | 251,707.58 |
| 80 | 8/15/08 | . . . . . . . | 2,000.00 | 1,258.54 | 741.46 | 250,966.12 |
| 81 | 9/15/08 | . . . . . . . | 2,000.00 | 1,254.83 | 745.17 | 250,220.95 |
| 82 | 10/15/08 | . . . . . . . | 2,000.00 | 1,251.10 | 748.90 | 249,472.05 |
| 83 | 11/15/08 | . . . . . . . | 2,000.00 | 1,247.36 | 752.64 | 248,719.41 |
| 84 | 12/15/08 | . . . . . . . | 2,000.00 | 1,243.60 | 756.40 | 247,963.01 |
| Sub-total | | | 24,000.00 | 15,167.47 | 8,832.53 | 247,963.01 |
| 85 | 1/15/09 | . . . . . . . | 2,000.00 | 1,239.82 | 760.18 | 247,202.83 |
| 86 | 2/15/09 | . . . . . . . | 2,000.00 | 1,236.01 | 763.99 | 246,438.84 |
| 87 | 3/15/09 | . . . . . . . | 2,000.00 | 1,232.19 | 767.81 | 245,671.03 |
| 88 | 4/15/09 | . . . . . . . | 2,000.00 | 1,228.36 | 771.64 | 244,899.39 |
| 89 | 5/15/09 | . . . . . . . | 2,000.00 | 1,224.50 | 775.50 | 244,123.89 |
| 90 | 6/15/09 | . . . . . . . | 2,000.00 | 1,220.62 | 779.38 | 243,344.51 |
| 91 | 7/15/09 | . . . . . . . | 2,000.00 | 1,216.72 | 783.28 | 242,561.23 |
| 92 | 8/15/09 | . . . . . . . | 2,000.00 | 1,212.81 | 787.19 | 241,774.04 |
| 93 | 9/15/09 | . . . . . . . | 2,000.00 | 1,208.87 | 791.13 | 240,982.91 |
| 94 | 10/15/09 | . . . . . . . | 2,000.00 | 1,204.91 | 795.09 | 240,187.82 |
| 95 | 11/15/09 | . . . . . . . | 2,000.00 | 1,200.94 | 799.06 | 239,388.76 |
| 96 | 12/15/09 | . . . . . . . | 2,000.00 | 1,196.94 | 803.06 | 238,585.70 |
| Sub-total | | | 24,000.00 | 14,622.69 | 9,377.31 | 238,585.70 |
| 97 | 1/15/10 | . . . . . . . | 2,000.00 | 1,192.93 | 807.07 | 237,778.63 |
| 98 | 2/15/10 | . . . . . . . | 2,000.00 | 1,188.89 | 811.11 | 236,967.52 |
| 99 | 3/15/10 | . . . . . . . | 2,000.00 | 1,184.84 | 815.16 | 236,152.36 |
| 100 | 4/15/10 | . . . . . . . | 2,000.00 | 1,180.76 | 819.24 | 235,333.12 |
| 101 | 5/15/10 | . . . . . . . | 2,000.00 | 1,176.67 | 823.33 | 234,509.79 |
| 102 | 6/15/10 | . . . . . . . | 2,000.00 | 1,172.55 | 827.45 | 233,682.34 |
| 103 | 7/15/10 | . . . . . . . | 2,000.00 | 1,168.41 | 831.59 | 232,850.75 |
| 104 | 8/15/10 | . . . . . . . | 2,000.00 | 1,164.25 | 835.75 | 232,015.00 |
| 105 | 9/15/10 | . . . . . . . | 2,000.00 | 1,160.07 | 839.93 | 231,175.07 |
| 106 | 10/15/10 | . . . . . . . | 2,000.00 | 1,155.88 | 844.12 | 230,330.95 |
| 107 | 11/15/10 | . . . . . . . | 2,000.00 | 1,151.65 | 848.35 | 229,482.60 |
| 108 | 12/15/10 | . . . . . . . | 2,000.00 | 1,147.41 | 852.59 | 228,630.01 |
| Sub-total | | | 24,000.00 | 14,044.31 | 9,955.69 | 228,630.01 |

CLS                                                                    Page:    4
Declining Balance              Amortization Schedule          Run Date:  7/19/02
                                 Sample loan data

Principal:      300,000.00                    Annual Interest Rate:   6.000
Term:           278 Payments                  Payments per Year:      12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 109 | 1/15/11 | ....... | 2,000.00 | 1,143.15 | 856.85 | 227,773.16 |
| 110 | 2/15/11 | ....... | 2,000.00 | 1,138.87 | 861.13 | 226,912.03 |
| 111 | 3/15/11 | ....... | 2,000.00 | 1,134.56 | 865.44 | 226,046.59 |
| 112 | 4/15/11 | ....... | 2,000.00 | 1,130.23 | 869.77 | 225,176.82 |
| 113 | 5/15/11 | ....... | 2,000.00 | 1,125.88 | 874.12 | 224,302.70 |
| 114 | 6/15/11 | ....... | 2,000.00 | 1,121.51 | 878.49 | 223,424.21 |
| 115 | 7/15/11 | ....... | 2,000.00 | 1,117.12 | 882.88 | 222,541.33 |
| 116 | 8/15/11 | ....... | 2,000.00 | 1,112.71 | 887.29 | 221,654.04 |
| 117 | 9/15/11 | ....... | 2,000.00 | 1,108.27 | 891.73 | 220,762.31 |
| 118 | 10/15/11 | ....... | 2,000.00 | 1,103.81 | 896.19 | 219,866.12 |
| 119 | 11/15/11 | ....... | 2,000.00 | 1,099.33 | 900.67 | 218,965.45 |
| 120 | 12/15/11 | ....... | 2,000.00 | 1,094.83 | 905.17 | 218,060.28 |
| Sub-total | | | 24,000.00 | 13,430.27 | 10,569.73 | 218,060.28 |
| 121 | 1/15/12 | ....... | 2,000.00 | 1,090.30 | 909.70 | 217,150.58 |
| 122 | 2/15/12 | ....... | 2,000.00 | 1,085.75 | 914.25 | 216,236.33 |
| 123 | 3/15/12 | ....... | 2,000.00 | 1,081.18 | 918.82 | 215,317.51 |
| 124 | 4/15/12 | ....... | 2,000.00 | 1,076.59 | 923.41 | 214,394.10 |
| 125 | 5/15/12 | ....... | 2,000.00 | 1,071.97 | 928.03 | 213,466.07 |
| 126 | 6/15/12 | ....... | 2,000.00 | 1,067.33 | 932.67 | 212,533.40 |
| 127 | 7/15/12 | ....... | 2,000.00 | 1,062.67 | 937.33 | 211,596.07 |
| 128 | 8/15/12 | ....... | 2,000.00 | 1,057.98 | 942.02 | 210,654.05 |
| 129 | 9/15/12 | ....... | 2,000.00 | 1,053.27 | 946.73 | 209,707.32 |
| 130 | 10/15/12 | ....... | 2,000.00 | 1,048.54 | 951.46 | 208,755.86 |
| 131 | 11/15/12 | ....... | 2,000.00 | 1,043.78 | 956.22 | 207,799.64 |
| 132 | 12/15/12 | ....... | 2,000.00 | 1,039.00 | 961.00 | 206,838.64 |
| Sub-total | | | 24,000.00 | 12,778.36 | 11,221.64 | 206,838.64 |
| 133 | 1/15/13 | ....... | 2,000.00 | 1,034.19 | 965.81 | 205,872.83 |
| 134 | 2/15/13 | ....... | 2,000.00 | 1,029.36 | 970.64 | 204,902.19 |
| 135 | 3/15/13 | ....... | 2,000.00 | 1,024.51 | 975.49 | 203,926.70 |
| 136 | 4/15/13 | ....... | 2,000.00 | 1,019.63 | 980.37 | 202,946.33 |
| 137 | 5/15/13 | ....... | 2,000.00 | 1,014.73 | 985.27 | 201,961.06 |
| 138 | 6/15/13 | ....... | 2,000.00 | 1,009.81 | 990.19 | 200,970.87 |
| 139 | 7/15/13 | ....... | 2,000.00 | 1,004.85 | 995.15 | 199,975.72 |
| 140 | 8/15/13 | ....... | 2,000.00 | 999.88 | 1,000.12 | 198,975.60 |
| 141 | 9/15/13 | ....... | 2,000.00 | 994.88 | 1,005.12 | 197,970.48 |
| 142 | 10/15/13 | ....... | 2,000.00 | 989.85 | 1,010.15 | 196,960.33 |
| 143 | 11/15/13 | ....... | 2,000.00 | 984.80 | 1,015.20 | 195,945.13 |
| 144 | 12/15/13 | ....... | 2,000.00 | 979.73 | 1,020.27 | 194,924.86 |
| Sub-total | | | 24,000.00 | 12,086.22 | 11,913.78 | 194,924.86 |

CLS
Case 09-54139-gwz    Doc 22    Entered 11/25/09 12:51:33    Page 18 of 26
MIKE PANAGIOTOU                                    Page: 5
Declining Balance              Amortization Schedule          Run Date:   7/19/02
                               Sample loan data

Principal:      300,000.00                        Annual Interest Rate:    6.000
Term:           278 Payments                      Payments per Year:      12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 145 | 1/15/14 | . . . . . . . | 2,000.00 | 974.62 | 1,025.38 | 193,899.48 |
| 146 | 2/15/14 | . . . . . . . | 2,000.00 | 969.50 | 1,030.50 | 192,868.98 |
| 147 | 3/15/14 | . . . . . . . | 2,000.00 | 964.34 | 1,035.66 | 191,833.32 |
| 148 | 4/15/14 | . . . . . . . | 2,000.00 | 959.17 | 1,040.83 | 190,792.49 |
| 149 | 5/15/14 | . . . . . . . | 2,000.00 | 953.96 | 1,046.04 | 189,746.45 |
| 150 | 6/15/14 | . . . . . . . | 2,000.00 | 948.75 | 1,051.25 | 188,695.18 |
| 151 | 7/15/14 | . . . . . . . | 2,000.00 | 943.48 | 1,056.52 | 187,638.66 |
| 152 | 8/15/14 | . . . . . . . | 2,000.00 | 938.19 | 1,061.81 | 186,576.85 |
| 153 | 9/15/14 | . . . . . . . | 2,000.00 | 932.88 | 1,067.12 | 185,509.73 |
| 154 | 10/15/14 | . . . . . . . | 2,000.00 | 927.55 | 1,072.45 | 184,437.28 |
| 155 | 11/15/14 | . . . . . . . | 2,000.00 | 922.19 | 1,077.81 | 183,359.47 |
| 156 | 12/15/14 | . . . . . . . | 2,000.00 | 916.80 | 1,083.20 | 182,276.27 |
| Sub-total | | | 24,000.00 | 11,351.41 | 12,648.59 | 182,276.27 |
| 157 | 1/15/15 | . . . . . . . | 2,000.00 | 911.38 | 1,088.62 | 181,187.65 |
| 158 | 2/15/15 | . . . . . . . | 2,000.00 | 905.94 | 1,094.06 | 180,093.59 |
| 159 | 3/15/15 | . . . . . . . | 2,000.00 | 900.47 | 1,099.53 | 178,994.06 |
| 160 | 4/15/15 | . . . . . . . | 2,000.00 | 894.97 | 1,105.03 | 177,889.03 |
| 161 | 5/15/15 | . . . . . . . | 2,000.00 | 889.45 | 1,110.55 | 176,778.48 |
| 162 | 6/15/15 | . . . . . . . | 2,000.00 | 883.89 | 1,116.11 | 175,662.37 |
| 163 | 7/15/15 | . . . . . . . | 2,000.00 | 878.31 | 1,121.69 | 174,540.68 |
| 164 | 8/15/15 | . . . . . . . | 2,000.00 | 872.70 | 1,127.30 | 173,413.38 |
| 165 | 9/15/15 | . . . . . . . | 2,000.00 | 867.07 | 1,132.93 | 172,280.45 |
| 166 | 10/15/15 | . . . . . . . | 2,000.00 | 861.40 | 1,138.60 | 171,141.85 |
| 167 | 11/15/15 | . . . . . . . | 2,000.00 | 855.71 | 1,144.29 | 169,997.56 |
| 168 | 12/15/15 | . . . . . . . | 2,000.00 | 849.99 | 1,150.01 | 168,847.55 |
| Sub-total | | | 24,000.00 | 10,571.28 | 13,428.72 | 168,847.55 |
| 169 | 1/15/16 | . . . . . . . | 2,000.00 | 844.24 | 1,155.76 | 167,691.79 |
| 170 | 2/15/16 | . . . . . . . | 2,000.00 | 838.46 | 1,161.54 | 166,530.25 |
| 171 | 3/15/16 | . . . . . . . | 2,000.00 | 832.65 | 1,167.35 | 165,362.90 |
| 172 | 4/15/16 | . . . . . . . | 2,000.00 | 826.81 | 1,173.19 | 164,189.71 |
| 173 | 5/15/16 | . . . . . . . | 2,000.00 | 820.95 | 1,179.05 | 163,010.66 |
| 174 | 6/15/16 | . . . . . . . | 2,000.00 | 815.05 | 1,184.95 | 161,825.71 |
| 175 | 7/15/16 | . . . . . . . | 2,000.00 | 809.13 | 1,190.87 | 160,634.84 |
| 176 | 8/15/16 | . . . . . . . | 2,000.00 | 803.17 | 1,196.83 | 159,438.01 |
| 177 | 9/15/16 | . . . . . . . | 2,000.00 | 797.19 | 1,202.81 | 158,235.20 |
| 178 | 10/15/16 | . . . . . . . | 2,000.00 | 791.18 | 1,208.82 | 157,026.38 |
| 179 | 11/15/16 | . . . . . . . | 2,000.00 | 785.13 | 1,214.87 | 155,811.51 |
| 180 | 12/15/16 | . . . . . . . | 2,000.00 | 779.06 | 1,220.94 | 154,590.57 |
| Sub-total | | | 24,000.00 | 9,743.02 | 14,256.98 | 154,590.57 |

CLS                          MIKE PANAGIOTOU                          Page: 6
Declining Balance            Amortization Schedule
                             Sample loan data              Run Date:   7/19/02

Principal:      300,000.00                    Annual Interest Rate:    6.000
Term:           278 Payments                  Payments per Year:       12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 181 | 1/15/17 | ....... | 2,000.00 | 772.95 | 1,227.05 | 153,363.52 |
| 182 | 2/15/17 | ....... | 2,000.00 | 766.82 | 1,233.18 | 152,130.34 |
| 183 | 3/15/17 | ....... | 2,000.00 | 760.65 | 1,239.35 | 150,890.99 |
| 184 | 4/15/17 | ....... | 2,000.00 | 754.45 | 1,245.55 | 149,645.44 |
| 185 | 5/15/17 | ....... | 2,000.00 | 748.23 | 1,251.77 | 148,393.67 |
| 186 | 6/15/17 | ....... | 2,000.00 | 741.97 | 1,258.03 | 147,135.64 |
| 187 | 7/15/17 | ....... | 2,000.00 | 735.68 | 1,264.32 | 145,871.32 |
| 188 | 8/15/17 | ....... | 2,000.00 | 729.36 | 1,270.64 | 144,600.68 |
| 189 | 9/15/17 | ....... | 2,000.00 | 723.00 | 1,277.00 | 143,323.68 |
| 190 | 10/15/17 | ....... | 2,000.00 | 716.62 | 1,283.38 | 142,040.30 |
| 191 | 11/15/17 | ....... | 2,000.00 | 710.20 | 1,289.80 | 140,750.50 |
| 192 | 12/15/17 | ....... | 2,000.00 | 703.75 | 1,296.25 | 139,454.25 |
| Sub-total | | | 24,000.00 | 8,863.68 | 15,136.32 | 139,454.25 |
| 193 | 1/15/18 | ....... | 2,000.00 | 697.27 | 1,302.73 | 138,151.52 |
| 194 | 2/15/18 | ....... | 2,000.00 | 690.76 | 1,309.24 | 136,842.28 |
| 195 | 3/15/18 | ....... | 2,000.00 | 684.21 | 1,315.79 | 135,526.49 |
| 196 | 4/15/18 | ....... | 2,000.00 | 677.63 | 1,322.37 | 134,204.12 |
| 197 | 5/15/18 | ....... | 2,000.00 | 671.02 | 1,328.98 | 132,875.14 |
| 198 | 6/15/18 | ....... | 2,000.00 | 664.38 | 1,335.62 | 131,539.52 |
| 199 | 7/15/18 | ....... | 2,000.00 | 657.70 | 1,342.30 | 130,197.22 |
| 200 | 8/15/18 | ....... | 2,000.00 | 650.99 | 1,349.01 | 128,848.21 |
| 201 | 9/15/18 | ....... | 2,000.00 | 644.24 | 1,355.76 | 127,492.45 |
| 202 | 10/15/18 | ....... | 2,000.00 | 637.46 | 1,362.54 | 126,129.91 |
| 203 | 11/15/18 | ....... | 2,000.00 | 630.65 | 1,369.35 | 124,760.56 |
| 204 | 12/15/18 | ....... | 2,000.00 | 623.80 | 1,376.20 | 123,384.36 |
| Sub-total | | | 24,000.00 | 7,930.11 | 16,069.89 | 123,384.36 |
| 205 | 1/15/19 | ....... | 2,000.00 | 616.92 | 1,383.08 | 122,001.28 |
| 206 | 2/15/19 | ....... | 2,000.00 | 610.01 | 1,389.99 | 120,611.29 |
| 207 | 3/15/19 | ....... | 2,000.00 | 603.06 | 1,396.94 | 119,214.35 |
| 208 | 4/15/19 | ....... | 2,000.00 | 596.07 | 1,403.93 | 117,810.42 |
| 209 | 5/15/19 | ....... | 2,000.00 | 589.05 | 1,410.95 | 116,399.47 |
| 210 | 6/15/19 | ....... | 2,000.00 | 582.00 | 1,418.00 | 114,981.47 |
| 211 | 7/15/19 | ....... | 2,000.00 | 574.91 | 1,425.09 | 113,556.38 |
| 212 | 8/15/19 | ....... | 2,000.00 | 567.78 | 1,432.22 | 112,124.16 |
| 213 | 9/15/19 | ....... | 2,000.00 | 560.62 | 1,439.38 | 110,684.78 |
| 214 | 10/15/19 | ....... | 2,000.00 | 553.42 | 1,446.58 | 109,238.20 |
| 215 | 11/15/19 | ....... | 2,000.00 | 546.19 | 1,453.81 | 107,784.39 |
| 216 | 12/15/19 | ....... | 2,000.00 | 538.92 | 1,461.08 | 106,323.31 |
| Sub-total | | | 24,000.00 | 6,938.95 | 17,061.05 | 106,323.31 |

CLS
Declining Balance

MIKE PANAGIOTOU
Amortization Schedule
Sample loan data

Page: 7
Run Date:   7/19/02

Principal:        300,000.00
Term:             278 Payments

Annual Interest Rate:    6.000
Payments per Year:          12

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 217 | 1/15/20 | . . . . . . . | 2,000.00 | 531.62 | 1,468.38 | 104,854.93 |
| 218 | 2/15/20 | . . . . . . . | 2,000.00 | 524.27 | 1,475.73 | 103,379.20 |
| 219 | 3/15/20 | . . . . . . . | 2,000.00 | 516.90 | 1,483.10 | 101,896.10 |
| 220 | 4/15/20 | . . . . . . . | 2,000.00 | 509.48 | 1,490.52 | 100,405.58 |
| 221 | 5/15/20 | . . . . . . . | 2,000.00 | 502.03 | 1,497.97 | 98,907.61 |
| 222 | 6/15/20 | . . . . . . . | 2,000.00 | 494.54 | 1,505.46 | 97,402.15 |
| 223 | 7/15/20 | . . . . . . . | 2,000.00 | 487.01 | 1,512.99 | 95,889.16 |
| 224 | 8/15/20 | . . . . . . . | 2,000.00 | 479.45 | 1,520.55 | 94,368.61 |
| 225 | 9/15/20 | . . . . . . . | 2,000.00 | 471.84 | 1,528.16 | 92,840.45 |
| 226 | 10/15/20 | . . . . . . . | 2,000.00 | 464.20 | 1,535.80 | 91,304.65 |
| 227 | 11/15/20 | . . . . . . . | 2,000.00 | 456.52 | 1,543.48 | 89,761.17 |
| 228 | 12/15/20 | . . . . . . . | 2,000.00 | 448.81 | 1,551.19 | 88,209.98 |

Sub-total            24,000.00      5,886.67     18,113.33        88,209.98

| 229 | 1/15/21 | . . . . . . . | 2,000.00 | 441.05 | 1,558.95 | 86,651.03 |
| 230 | 2/15/21 | . . . . . . . | 2,000.00 | 433.26 | 1,566.74 | 85,084.29 |
| 231 | 3/15/21 | . . . . . . . | 2,000.00 | 425.42 | 1,574.58 | 83,509.71 |
| 232 | 4/15/21 | . . . . . . . | 2,000.00 | 417.55 | 1,582.45 | 81,927.26 |
| 233 | 5/15/21 | . . . . . . . | 2,000.00 | 409.64 | 1,590.36 | 80,336.90 |
| 234 | 6/15/21 | . . . . . . . | 2,000.00 | 401.68 | 1,598.32 | 78,738.58 |
| 235 | 7/15/21 | . . . . . . . | 2,000.00 | 393.69 | 1,606.31 | 77,132.27 |
| 236 | 8/15/21 | . . . . . . . | 2,000.00 | 385.66 | 1,614.34 | 75,517.93 |
| 237 | 9/15/21 | . . . . . . . | 2,000.00 | 377.59 | 1,622.41 | 73,895.52 |
| 238 | 10/15/21 | . . . . . . . | 2,000.00 | 369.48 | 1,630.52 | 72,265.00 |
| 239 | 11/15/21 | . . . . . . . | 2,000.00 | 361.32 | 1,638.68 | 70,626.32 |
| 240 | 12/15/21 | . . . . . . . | 2,000.00 | 353.13 | 1,646.87 | 68,979.45 |

Sub-total            24,000.00      4,769.47     19,230.53        68,979.45

| 241 | 1/15/22 | . . . . . . . | 2,000.00 | 344.90 | 1,655.10 | 67,324.35 |
| 242 | 2/15/22 | . . . . . . . | 2,000.00 | 336.62 | 1,663.38 | 65,660.97 |
| 243 | 3/15/22 | . . . . . . . | 2,000.00 | 328.30 | 1,671.70 | 63,989.27 |
| 244 | 4/15/22 | . . . . . . . | 2,000.00 | 319.95 | 1,680.05 | 62,309.22 |
| 245 | 5/15/22 | . . . . . . . | 2,000.00 | 311.55 | 1,688.45 | 60,620.77 |
| 246 | 6/15/22 | . . . . . . . | 2,000.00 | 303.10 | 1,696.90 | 58,923.87 |
| 247 | 7/15/22 | . . . . . . . | 2,000.00 | 294.62 | 1,705.38 | 57,218.49 |
| 248 | 8/15/22 | . . . . . . . | 2,000.00 | 286.09 | 1,713.91 | 55,504.58 |
| 249 | 9/15/22 | . . . . . . . | 2,000.00 | 277.52 | 1,722.48 | 53,782.10 |
| 250 | 10/15/22 | . . . . . . . | 2,000.00 | 268.91 | 1,731.09 | 52,051.01 |
| 251 | 11/15/22 | . . . . . . . | 2,000.00 | 260.26 | 1,739.74 | 50,311.27 |
| 252 | 12/15/22 | . . . . . . . | 2,000.00 | 251.56 | 1,748.44 | 48,562.83 |

Sub-total            24,000.00      3,583.38     20,416.62        48,562.83

CLS
Declining Balance

Amortization Schedule
Sample loan data

MIKE PANAGIOTOU

Page: 8
Run Date:    7/19/02

| Principal: | 300,000.00 | | | | Annual Interest Rate: | 6.000 |
| Term: | 278 Payments | | | | Payments per Year: | 12 |

| Pmt. No. | Date Due | Date Paid | Payment Amount | Interest Expense | Principal Reduction | Payoff Amount |
|---|---|---|---|---|---|---|
| 253 | 1/15/23 | . . . . . . . | 2,000.00 | 242.81 | 1,757.19 | 46,805.64 |
| 254 | 2/15/23 | . . . . . . . | 2,000.00 | 234.03 | 1,765.97 | 45,039.67 |
| 255 | 3/15/23 | . . . . . . . | 2,000.00 | 225.20 | 1,774.80 | 43,264.87 |
| 256 | 4/15/23 | . . . . . . . | 2,000.00 | 216.32 | 1,783.68 | 41,481.19 |
| 257 | 5/15/23 | . . . . . . . | 2,000.00 | 207.41 | 1,792.59 | 39,688.60 |
| 258 | 6/15/23 | . . . . . . . | 2,000.00 | 198.44 | 1,801.56 | 37,887.04 |
| 259 | 7/15/23 | . . . . . . . | 2,000.00 | 189.44 | 1,810.56 | 36,076.48 |
| 260 | 8/15/23 | . . . . . . . | 2,000.00 | 180.38 | 1,819.62 | 34,256.86 |
| 261 | 9/15/23 | . . . . . . . | 2,000.00 | 171.28 | 1,828.72 | 32,428.14 |
| 262 | 10/15/23 | . . . . . . . | 2,000.00 | 162.14 | 1,837.86 | 30,590.28 |
| 263 | 11/15/23 | . . . . . . . | 2,000.00 | 152.95 | 1,847.05 | 28,743.23 |
| 264 | 12/15/23 | . . . . . . . | 2,000.00 | 143.72 | 1,856.28 | 26,886.95 |
| Sub-total | | | 24,000.00 | 2,324.12 | 21,675.88 | 26,886.95 |
| 265 | 1/15/24 | . . . . . . . | 2,000.00 | 134.43 | 1,865.57 | 25,021.38 |
| 266 | 2/15/24 | . . . . . . . | 2,000.00 | 125.11 | 1,874.89 | 23,146.49 |
| 267 | 3/15/24 | . . . . . . . | 2,000.00 | 115.73 | 1,884.27 | 21,262.22 |
| 268 | 4/15/24 | . . . . . . . | 2,000.00 | 106.31 | 1,893.69 | 19,368.53 |
| 269 | 5/15/24 | . . . . . . . | 2,000.00 | 96.84 | 1,903.16 | 17,465.37 |
| 270 | 6/15/24 | . . . . . . . | 2,000.00 | 87.33 | 1,912.67 | 15,552.70 |
| 271 | 7/15/24 | . . . . . . . | 2,000.00 | 77.76 | 1,922.24 | 13,630.46 |
| 272 | 8/15/24 | . . . . . . . | 2,000.00 | 68.15 | 1,931.85 | 11,698.61 |
| 273 | 9/15/24 | . . . . . . . | 2,000.00 | 58.49 | 1,941.51 | 9,757.10 |
| 274 | 10/15/24 | . . . . . . . | 2,000.00 | 48.79 | 1,951.21 | 7,805.89 |
| 275 | 11/15/24 | . . . . . . . | 2,000.00 | 39.03 | 1,960.97 | 5,844.92 |
| 276 | 12/15/24 | . . . . . . . | 2,000.00 | 29.22 | 1,970.78 | 3,874.14 |
| Sub-total | | | 24,000.00 | 987.19 | 23,012.81 | 3,874.14 |
| 277 | 1/15/25 | . . . . . . . | 2,000.00 | 19.37 | 1,980.63 | 1,893.51 |
| 278 | 2/15/25 | . . . . . . . | 1,902.98 | 9.47 | 1,893.51 | 0.00 |
| Sub-total | | | 3,902.98 | 28.84 | 3,874.14 | 0.00 |
| Total | | | 555,902.98 | 255,902.98 | 300,000.00 | 0.00 |

APN No. 007-315-13 and
APN No. 007-303-21`

WHEN RECORDED, MAIL TO:
    Mike Panagiotou
    4737 Amber Hiill
    Reno, Nevada 89503

# DEED OF TRUST

THIS DEED OF TRUST, made this 31st day of December, 2001 by and between, Hope Williams hereinafter referred to as TRUSTOR, Merrill Lynch, Pierce, Fenner and Smith Inc. Financial Services, hereinafter referred to as TRUSTEE, and Mike Panagiotou, hereinafter referred to as BENEFICIARY.

## WITNESSETH:

Trustor does hereby grant, bargain, sell, convey and confirm unto the Trustee, in trust with power of sale, that certain property situate in the City of Reno, County of Washoe, State of Nevada, commonly known as   429, 447 and 462 Evans Avenue, Reno, Nevada 89501, more particularly described as follows, to-wit:

PARCEL 1:
The South five (5) feet of Lot 10, all of Lot 11, and the North 35 feet of Lot 12, Block 1, of EVANS NORTH ADDITION TO RENO, according to the official map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on December 16, 1879

PARCEL 2:
The North 26.5 feet of the West 87.2 feet of Lot 8 in Block 2 of EVANS NORTH ADDITION, according to the map thereof, filed in the office of the County Recorder of Washoe County, State of Nevada, on December 16, 1879

AND, ALSO, all the estate, interest, homestead or other claim, as well in law as in equity, which said Trustor now has or may hereafter acquire in and to said property, together with all easements and rights of way used in connection therewith or as a means of access thereto and all and singular the tenements, hereditaments and appurtenances there unto belonging or in any wise appertaining, and the reversion and reversions, remainder and remainders, rents, issues and profits thereof.

TO HAVE AND TO HOLD the same unto the said Trustee, and its successors, for the purpose of securing payment of an indebtedness in the amount of $300,000 lawful money of the United States of America, as evidenced by a Promissory Note dated the ____ day of December, 2001 with interest, expenses, charges and attorney's fees, etc., as therein provided, which Note by reference is hereby made a part hereof, executed by Trustor and delivered to Beneficiary and payable to the order of Beneficiary, and any and all extensions or renewals thereof, payment of such additional sums, with interest thereon, as may be hereafter loaned by the Beneficiary to Trustor, when evidenced by a Promissory Note or Notes of Trustor; payment of all other sums with interest thereon becoming due and payable under the provisions hereof to either Trustee or to Beneficiary, and the performance and discharge of each and every obligation, covenant and agreement of Trustor herein contained.

1

2635867
12/31/2001
1 of 3

AND THIS INDENTURE FURTHER WITNESSETH:

FIRST:      Trustor promises and agrees to pay when due all claims for labor performed and materials furnished for any construction, alternation or repair upon the above described premises; to comply with all laws affecting said property or relating to any alterations or improvements that may be made thereon; not to commit or permit waste thereon, nor commit, suffer or permit any acts upon said property in violation of any law, covenant, condition or restriction affecting said property; and to permit Beneficiary to enter at all reasonable times for the purpose of inspection.

SECOND:      The following covenants, Nos. 1,2 [insurance against loss or damage by fire equal or greater than the balance due on all encumbrances], 3, 4 [interest 10%], 5, 6, 7 [attorney fees 10%], 8 and 9 of Nevada Revised Statutes 107.030 are hereby adopted and made a part of this Deed of Trust.

THIRD:      Trustor covenants to keep all buildings that may now or at any time be on said property during the continuance of this Trust in good repair and insured against loss by fire, with extended coverage endorsement, in a company or companies authorized to issue such insurance in the State of Nevada, and as may be approved by Beneficiary for such sum or sums as shall equal the total indebtedness secured by this Deed of Trust, and shall be payable to Beneficiary to the amount of the unsatisfied obligation to Beneficiary hereby secured, and to deliver the policy to Beneficiary or to collection agent of Beneficiary, and in default thereof, Beneficiary may procure such insurance and/or make such repairs, and expend for either of such purposes such sum or sums as Beneficiary shall deem proper.

FOURTH:      Trustor agrees to pay and discharge all governmental taxes, levies, liens or assessments on the premises when due, and failure to do so shall constitute a default.

FIFTH:      The rights and remedies hereby granted shall not exclude any other rights or remedies granted by law, and all rights and remedies granted hereunder or permitted by law shall be concurrent and cumulative. A violation of any of the covenants herein expressly set forth shall have the same effect as the violation of any covenant herein adopted by reference.

SIXTH:      All the provisions of this instrument shall inure to, apply to, and bind the heirs, executors, successors and assigns of each of the parties hereto, respectively. Whenever used, the singular number shall include the plural, and plural the singular; the use of any gender shall include all other genders.

SEVENTH:      Trustor hereby assigns to the Trustee any and all rents of the above described premises, and hereby authorizes Trustee, acting without court appointment, or a receiver appointed by the court on application of the Trustee or Beneficiary, to take possession of the premises at any time after there is a default in the payments of said debt or in the performance of any of the obligations herein contained, and to manage the property and rent, lease and operate the same in its name and collect and receive all rents, issues and profits thereof, including those past due and unpaid, applying the same, less costs and expenses of operation and collection, upon any indebtedness secured hereby, and to do any acts which Trustee or Beneficiary may deem necessary or proper to conserve the value thereof. Neither the taking of possession, nor the collecting of rents, issues and profits, and the application thereof as aforesaid, shall cure or waive any default or notice of default hereunder, or invalidate any act done pursuant to such notice.

At any Trustee Sale held hereunder, Trustee shall sell the property herein described as a single unit, unless herein otherwise specifically directed, and at such sale is hereby authorized to bid for Beneficiary, or other absent persons, providing they give it written instructions to do so in advance of the sale.

EIGHTH:      Neither any, nor any combination of the following shall adversely affect the rights of the Beneficiary, or the Trustee hereunder, nor relieve any person from any obligation under this instrument or on the

2

Note secured hereby; extension of time for payment of any sum or sums; partial reconveyance; acceptance of any sum after the same is due or after filing notice of breach and election to sell; joinder in granting any easement; joinder in any extension or subordination agreement.

NINTH:        Beneficiary shall be entitled to receive and apply upon the obligation secured hereby such sums as may be paid in any eminent domain proceeding affecting the premises, whether payment of said obligation is due or not, providing, of course, that Beneficiary shall not be entitled to receive any sums beyond the total amount of the obligation secured by this Deed of Trust.

TENTH:        It is hereby expressly agreed that the Trust created hereby is irrevocable by Trustor.

ELEVENTH:  This Deed of Trust is executed by Trustor and accepted by Beneficiary with the understanding and upon the express condition that if Trustor should make default in the performance of any of the covenants and agreements herein set forth, then and in that event, the full amount of the principal indebtedness secured hereby shall forthwith be and become wholly due and payable, notwithstanding the fact that the same would not otherwise be due according to the terms of the Promissory Note secured hereby and further, that the relationship of landlord and tenant shall exist as between the purchaser of the real property covered hereby upon foreclosure proceedings, and Trustor and its successors in interest may be removed therefrom by any proceeding authorized by law, including an unlawful detainer action, in the event the possession of said real property should not be voluntarily surrendered to such purchaser.

TWELFTH:   In the event that Trustor should sell, transfer, or enter into a contract to sell or transfer the real property hereinbefore described, whether voluntarily or involuntarily, without the prior written consent of the holder of the note secured hereby, then the holder may, at its sole discretion, declare all sums remaining unpaid thereunder immediately due and payable although the date of payment therein provided otherwise may not have arrived.

IN WITNESS WHEREOF, the Trustor has hereunto set his hand the day and year first herein above written.

*Hope E. Williams*
Hope Williams

STATE OF NEVADA          )
                                          )ss
COUNTY OF WASHOE    )

On this 31st day of December, 2001 personally appeared before me, a Notary Public, Hope Williams, known to me or proven to me to be the person who acknowledged that she executed the above instrument.

NOTARY PUBLIC

GIEZELLE S. MILLER
Notary Public, State of Nevada
Appointment No. 99-55130-2
My Appt. Expires May 17, 2003

DOC # 2635067
12/31/2001 01:59P Fee:16.00
BK1
Requested By
HOPE E WILLIAMS
Washoe County Recorder
Kathryn L. Burke - Recorder
Pg 3 of 3 RPTT 0.00

3

# Exhibit  3

# Exhibit  3

**Reno** Tahoe
AMERICA'S ADVENTURE PLACE
VisitRenoTahoe.com
(775) 827-7743

October 26, 2009

# OPERATOR'S MONTHLY ROOM LICENSE TAX RETURN

**A PENALTY OF $100.00 OR 10% OF GROSS TAX, WHICHEVER IS GREATER, WILL BE APPLIED TO ALL DELINQUENT RETURNS.
INTEREST IN THE AMOUNT OF 1½% PER MONTH OR FRACTION OF A MONTH IS CHARGED ON ALL DELINQUENT BALANCES.
A RETURN MUST BE FILED FOR EACH REPORTING PERIOD REGARDLESS OF TAX LIABILITY.**

R0552
CHERYL'S APARTMENTS
447 EVANS AVENUE
RENO, NV 89501

This Report is for
the Month of October
Due November 1, 2009

**Delinquent After November 16, 2009**

## OCCUPANCY

| | | |
|---|---|---|
| A. | Number of room nights available this month. (# of rooms times days in the month). | 1116 |
| B. | Number of taxable room nights occupied this month. | 0 |
| C. | Number of room nights occupied by conventions / meeting guests this month. | 0 |
| D. | Revenue from rooms occupied by conventions / meeting guests this month. | 0 |
| E. | Number of room nights occupied by complimentary guests this month. | 0 |
| F. | Number of room nights occupied by over-28-day guests this month. | 921 |
| G. | Number of room nights occupied by government exempt guests this month. | 0 |

## ROOM TAX

| | | | |
|---|---|---|---|
| 1. | Enter gross rental revenue, including over-28-day and complimentary rooms for this month. | | $ 14,002 |
| 2. | Enter any adjusted revenue from prior month(s). Attach an explanation.    ( + ) or ( - ) | | $ 0 |
| 3. | Add lines 1 and 2.    **TOTAL REVENUE** | | $ 14,002 |
| 4. | Enter refunds included in line 1 for this month. | $( 200.00 ) | |
| 5. | Enter complimentaries included in line 1 for this month. | $( 0 ) | |
| 6. | Enter over-28-day rentals included in line 1 for this month. | $( 14,002 ) | |
| 7. | Enter government exempt rentals included in line 1 for this month. | $( 0 ) | |
| 8. | Enter total of lines 4, 5, 6, and 7.    **TOTAL EXEMPTIONS** | | $ (14,202) |
| 9. | Deduct line 8 from line 3.    **TAXABLE AMOUNT** | | $ 0 |
| 10. | Enter    1.00%    of line 9. | | $ 0 |
| 11. | Enter    12.50%    of line 9. | | $ 0 |
| 12. | Your property ☐ is ☒ is not eligible for 2.00%  collection allowance. If eligible, enter    2.00%    of line 11. | | $ 0 |
| 13. | Deduct line 12 from line 11. | | $ 0 |
| 14. | Add line 10 and line 13.    **TOTAL TAX** | | $ 0 |
| 15. | Other penalty or credit advice you have received from the Authority (balance due). | | $            0.00 |
| 16. | Add lines 14 and 15.    **REMITTANCE AMOUNT** | | $ 0 |

Make your  check payable to the  RENO-SPARKS CONVENTION & VISITORS AUTHORITY by the 15th day  immediately following the month you a
reporting. Please mail to Reno-Sparks Convention & Visitors Authority, Attn: Room Tax, P.O. Box 837, Reno, Nevada 89504. If ownership has change
during the month you are reporting, attach full statement. Contact the Room Tax Department at 775-827-7743 to complete a license application.
For rules, regulations or instructions to complete this return, contact the Room Tax Department at 775-827-7743.

The owners of the above-named facility certify that the above and foregoing report is a true and correct statement of rental income received and tax collected under an
pursuant to applicable ordinances by the above-named establishment for the period covered by this return, and in the absence of my signature the undersigned has th
authority to sign on my behalf.

SIGNED X _____    (Title) _____    (Date) 11-11-09