MICHAEL LEHNERS, ESQ.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331
(775) 786-1695

*Eep 3/26/10*

Attorney for Debtor

## UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

oOo

IN RE

HOPE EVANGELINE WILLIAMS dba
CHERYL'S APARTMENTS, a sole
proprietorship

          Debtor(s).
_____/

BK-N- 09-54139
CHAPTER 11
Hearing Date: _____
and Time:_____
Mtn No. _____
Est Time: 25 Minutes

DEBTOR'S PLAN OF REORGANIZATION

## 1 . INTRODUCTION

Hope Williams filed her Petition for Relief under Chapter 11 of the Bankruptcy Code on November 19, 2009. Her disclosure statement has been filed concurrently with this Proposed Plan.

This Plan of Reorganization is a proposal of Hope Williams to her Creditors and Parties-in-Interest to resolve the debts she owed on the date of filing the Petition and to provide for other interests.

This Plan must receive Creditor approval and/or the Court must find that it meets the requirements of the law. You are herewith provided with the opportunity to vote on the Plan, and your vote for the Plan is herewith solicited. If the Plan is not accepted and approved, then the law may allow: (1) the case to be dismissed out of the Bankruptcy Court, (2) Ms. Williams to attempt to draft another Plan, or (3) the case to go into a liquidation Bankruptcy (Chapter 7) with her assets being sold off and the proceeds being distributed according to law.

## II. DIVISION OF CREDITORS INTO CLASSES

### Unsecured Priority Claims (Class 1)

1

Ms. Williams owes no taxes. Michael Lehners, Esq. and Nathan Zeltzer, Esq. were employed by the estate on November 24, 2009. Ms. Williams paid a pre-petition retainer of $15,789.00. As of March 25, 2010 Mr. Lehners and Mr. Zeltzer have an administrative claim of $17,580.00[1]. This includes the $1,039.00 filing fee. Assuming these fees are approved, and after payment from the trust account, there would be a remaining administrative balance of $1,791.00 to be paid through the plan, plus whatever fees are incurred and approved up through plan confirmation.

**Claims secured by the Motel (Class 2 and Class 3)**

Class 2. _____ Cheryl Cairns

Ms. Cairns holds a first deed of trust on the motel. She is owed approximately $710,000.00.

Class 3. _____ Mike Panagiotou

Mr. Panagiotou holds a second deed of trust on the motel. He is owed approximately $240,000.00.

**Claims Secured by Vehicles the Debtor Intends to Keep (Class 4 and Class 5)**

Class 4 _____ Chase Auto Finance

Chase Auto Finance holds a security interest in Ms. Williams' 2009 Saturn. It is owed approximately $20,720.00.

Class 5. _____ Chrysler Financial

Chrysler Financial holds a security interest in Ms. Williams' 2006 Dodge. It is owed approximately $12,639.00.

**Claims Secured by Vehicles the Debtor Intends to Surrender (Class 6)**

Class 6. _____ Toyota Financial Services

Toyota Financial Services holds a security interest in Ms. Williams' 2008 Prius. It is owed approximately $20,543.00

**Claims Secured by the Debtor's Residence (Class 7 and Class 8)**

---

[1] The claim is primarily owed to Mr. Lehners. Mr. Zeltzer's fees total $2,000.00, and this amount has been advanced to him from Mr. Lehners' trust account

Class 7.        CitiMortgage

CitiMortgage holds a first deed of trust on Ms. Williams' residence. It is owed approximately $123,561.00.

Class 8.        CitiBank HELOC

CitiBank HELOC holds a second deed of trust on Ms. Williams' residence. It is owed approximately $275,000.00.

**Claims Secured by the Washington Home (Class 9)**

Class 9.        U.S. Bank Home Mortgage

U.S. Bank Home Mortgage holds a first deed of trust on Ms. Williams' Washington home. It is owed approximately $127,230.00.

**Executory Obligations (Class 10)**

Class 10.        Trinity Vendor Finance

Trinity Vendor Finance has leased the heating equipment for the motel. This lease shall be assumed.

**Unsecured Non-priority Claims (Class 11)**

The Schedules filed in this case indicate that on the Petition Date Ms. Williams' unsecured non-priority claims were $139,849.00.

## III. STATEMENT OF IMPAIRMENT UNDER THE PLAN

There will be no impairment of Claims under this Plan in Classes 1, 4, 5, 7, 8, 9, and 10. Classes 2, 3, 6, and 11 are impaired.

## IV. PLAN FUNDING

Ms. Williams will fund the plan by making payments of $400.00 per month for five years. In addition, she will list the motel for sale with Brian Egan of Egan Commercial Real Estate.

## V.    TREATMENT OF AND PROJECTED DISTRIBUTION TO CREDITORS.
A.    Class 1

Class 1 claims are entitled to priority under 11 U.S.C. 507(a). They shall be paid in full before any other unsecured claims set forth under this plan, in deferred cash payments.

B.    Class 2

3

Class Two creditor Cheryl Cairns. She shall continue to receive monthly payments of $5,503.28 until a sale of the Motel whereupon she shall be paid in full.

C.    Class 3

Class Three creditor Mike Panagiotou. He shall continue to receive monthly payments of $2,000.00 until a sale of the Motel whereupon his claim shall be paid in full up to the amount of available sales proceeds. This creditor shall be given an unsecured claim for any deficiency. This creditor is impaired. Based upon the value of the motel and its unique nature, it is anticipated that this creditor will not be paid in full from a sale of the motel.

D.    Class 4

Class Four creditor Chase Auto Finance. This debt shall not be modified by the plan. This creditor shall retain its lien, and Ms. Williams shall continue making regular monthly payments throughout the life of the plan.

E.    Class 5

Class Five creditor Chrysler Financial. This debt shall not be modified by the plan. This creditor shall retain its lien, and Ms. Williams shall continue making regular monthly payments throughout the life of the plan.

F.    Class 6

Class Six creditor Toyota Financial Services. Ms. Williams shall surrender the 2008 Prius to this creditor. In the event that there is a deficiency following the sale of this vehicle, then this Creditor shall be treated as a Class 11 unsecured creditor.

G.    Class 7

Class Seven Creditor CitiMortgage. This debt shall not be modified by the plan. This creditor shall retain its lien, and Ms. Williams shall continue making regular monthly payments throughout the life of the plan.

H.    Class 8

Class Eight creditor CitiBank HELOC. This debt shall not be modified by the plan. This creditor shall retain its lien, and Ms. Williams shall continue making regular monthly payments throughout the life of the plan.

4

### I.    Class 9

Class Nine creditor U.S. Bank Home Mortgage. This debt shall not be modified by the plan. This creditor shall retain its lien, and Ms. Williams shall continue making regular monthly payments throughout the life of the plan.

### J.    Class 10

Class Ten creditor Trinity Vendor Finance. This executory obligation shall be assumed upon confirmation of the plan.

### K.    Class 11

Class Eleven creditors are non-priority unsecured claims. These consist of the claims set forth in Schedule "F" as well as any deficiency claims which may arise from treatment of secured claims by the plan. After payment in full of Class One claims, these creditors shall be paid pro-rata to the extent that funds are available from Ms. Williams' monthly plan payments and any surplus equity which may be realized after the sale of the motel. It is anticipated that these creditors shall receive no distribution through the plan.

## VI    LIQUIDATION ANALYSIS

In a hypothetical chapter seven, the Trustee would liquidate Ms. Williams' non-exempt property. The only real property with equity in it is Ms. Williams' residence, which has a maximum equity of $46,439.00. This equity has been claimed exempt under California's homestead exemption, and it would not be liquidated by the Trustee. There is no equity in the motel or the Washington home.

Ms. Williams' personal property is worth $67,355.00. All but $8,650.75 is exempt. In a hypothetical chapter seven, the Chapter Seven Trustee would distribute $8,650.75 to unsecured creditors in order of priority.

## VII    MISCELLANEOUS PROVISIONS

A.    Upon confirmation of the Plan, all property of the estate of Ms. Williams shall be revested in her, and she shall retain such property free and clear of all claims and interests of the creditors, except as set forth in the Plan.

5

B.    Ms. Williams will serve as disbursing agent and shall disburse all property to be distributed under the Plan. She may employ or contract with other entities to assist in or to perform the distribution of the property and shall serve without bond.

C.    Ms. Williams does not anticipate any post-confirmation litigation, except for collection matters that occur in the normal course of her business, and the determination of certain claims.

D.    In the event Ms. Williams becomes delinquent in any payment required under the Plan, the affected creditor or creditors may provide written notice of such default to Ms. Williams and her counsel at the following addresses: Hope Williams, 10761 Ponderosa Drive, Truckee, CA. 91691 and Michael Lehners, Esq. 429 Marsh Ave., Reno, Nevada 89509.

Ms. Williams shall thereafter have ten (10) business days from receipt of said notice in which to cure the default. In the event such default remains uncured, the affected creditor or creditor may bring the matter before the Bankruptcy Court. At any hearing, the Bankruptcy Court may consider the reason for the default and the ability of Ms. Williams to bring the payment(s) current in a reasonable period of time. The Bankruptcy Court may also consider conversion of the case to a Chapter 7 of the Code or dismissal if the same is in the best interests of creditors.

E.    The estate shall be deemed to be fully administered upon confirmation of the Plan.

## VIII    RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction for the following specific purposes:

A.    For the purpose specified in § 1142 of the Bankruptcy Code;

B.    The consideration of claims and such objections as may be filed to the claims of creditors pursuant to § 502 of the Bankruptcy Code, and to file and prosecute any counterclaims against such creditors;

C.    The fixing of compensation for the parties entitled thereto;

D.    To hear and determine the amount of all encumbrances or the recovery of any preferences, transfers, assets or damages to which Ms. Williams' estate may be entitled under applicable provisions of the Bankruptcy Code or other federal, state, or local law;

6

E.    To reinstate the automatic stay pending a determination of the amount owed in any secured claim;

F.    To hear and decide any causes of action now held by Ms. Williams, and determine all questions and disputes regarding title to the assets of the estate;

G.    To resolve any disputes regarding interpretation of the Plan;

H.    To implement the provisions of the Plan, including all provisions in the Plan which specify the retention of jurisdiction, and to make such further orders as will aid in consummation of the Plan, including granting declaratory relief, issuing injunctions, and ordering the sale of any property after Plan confirmation;

I.    To adjudicate controversies regarding property of Ms. Williams' estate and

J.    Determine issues regarding ownership thereof, including adjudication of causes of action which constitute property of the estate;

K.    To modify this Plan in accordance with § 1127 of the Bankruptcy Code; and

L.    Enter a final decree and order closing the case.

## IX    REQUEST FOR APPLICATION OF 11 U.S.C. §1129 (b)

Ms. Williams, as Plan proponent, requests this Court find that the provisions for dissenting classes provide for fair and equitable treatment of said creditors, and to confirm its Plan notwithstanding the requirements of §1129 (a)(8) as to such classes.

## X    MODIFICATION OF PLAN

Ms. Williams may modify the Plan with regard to the treatment of any creditor class, in connection with any agreement or settlement with such creditor class or in order to comply with the requirements of the Code as established by the Court, provided such modification does not materially adversely affect any other class of creditors. Such modifications may be reflected in the order confirming the plan of reorganization. Any other modifications of the Plan shall be in accordance with §1127 of the Code.

Dated: This _25_ day of _March_____, 2010

By: _____
Michael Lehners, Esq.
429 Marsh Ave.
Reno, Nevada 89509
Nevada Bar Number 003331

7